```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-22897-Civ-ALTONAGA
                                       08-60237-Cr-ALTONAGA
                              MAGISTRATE JUDGE P. A. WHITE
DEANDRE WILLIAMS,             :

         Movant,              :

v.                            :          REPORT OF
                                      MAGISTRATE JUDGE
UNITED STATES OF AMERICA,     :

         Respondent.          :
_____
```

This motion to vacate pursuant to 28 U.S.C. §2255 was filed by the movant on August 4, 2010.[1] The judgment of conviction in the underlying criminal case, No. 08-60237-Cr-Altonaga, became final at the latest on January 5, 2009, ten days after entry of the judgment following sentencing,[2] when the time expired for filing a notice of appeal therefrom.[3]

At the latest, the movant was required to file this motion to vacate within one year from the time the judgment became final, or

---

[1] A pro se prisoner's motion to vacate sentence or petition for writ of habeas corpus is deemed to be filed on the date that it was signed, executed, and delivered to prison officials, for purposes of AEDPA's one-year limitations period. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).

[2] The judgment was entered by the Clerk on December 22, 2008. (Cr-DE#27).

[3] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days. Although in 2009 the time for filing a direct appeal was increased from 10 to 14 days after the judgment is entered, it now includes counting intermediate Saturdays, Sundays, and legal holidays in the computation, See Fed.R.App.P. 4. The 2009 amendment does not apply here, as movant's conviction was entered back in 2008.

no later than January 5, 2010. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986).

This motion was not filed until August 4, 2010, over one year after the conviction became final. Thus, it is not timely. See Burton v. Stewart, 549 U.S. ____, 127 S.Ct. 793 2007)[4]; Ferreira v. Secretary, Dept. of Corrections, 484 F.3d 1286 (11 Cir. 2007)(holding that AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because the judgment is based on the conviction and the sentence.); accord, Stevens v. Secretary, Dept. of Corrections, 2007 WL 4557190 (M.D. Fla. 2007).

Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim

---

[4] In Burton, a §2254 petition had been filed challenging the petitioner's 1994 conviction, then later (after exhausting remedies following resentencing) the petitioner filed a petition challenging his 1998 resentencing. Burton, 127 S.Ct. at 795-796. The Court held that the sentence is the judgment, and that the limitations period does not begin until both the conviction and sentence become final by the conclusion of direct review or the expiration of the time for seeking such review. Id. 798-799.

> or claims could have been discovered through the
> exercise of due diligence.

See 28 U.S.C. §2255(f).

Here, it is undisputed that the instant motion was not filed within one year from the date on which the judgment of conviction became final. Nor does movant allege any impediment to making the motion created by governmental action warranting application of subsection (f)(2).

With regard to whether his motion is timely under subsection (f)(4), a §2255 motion based on counsel's failure to file a requested direct appeal is considered timely if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal. See, Aron v. United States, 291 F.3d 708 (11th Cir. 2002); Anjulo-Lopez v. United States, 541 F.3d 814 (6th Cir. 2008); Wims v. United States, 225 F.3d 186 (2nd Cir. 2000). Although due diligence does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, it does at least "require that a prisoner make *reasonable* efforts to discover the facts supporting his claims. Anjulo-Lopez v. United States, 541 F.3d 814, 818 (quoting Aron v. United States, 291 F.3d at 712).

Thus, the initial question in this case is not whether counsel was ineffective for failing to file an appeal but whether movant made "reasonable efforts" to determine if his attorney complied with his request. Although movant alleges that he made "several" attempts to contact counsel following sentencing, he makes no allegation that he made any effort to contact this Court or the Court of Appeals, either telephonically, in writing, or through a third party, to determine the status of his appeal. Neither

3

movant's ignorance of legal matters nor his transfers within the Bureau of Prisons constitute sufficient justification for failing to take such affirmative steps in addition to his unsuccessful efforts to contact his counsel.

Indeed, the absence of any response from counsel (as movant alleges) would have put a reasonable prisoner on notice that some other steps should be taken to determine the status of his appeal. With one letter or telephone call to the Clerk of this Court or to the presiding district judge, movant could have secured a copy of the docket sheet in this case and immediately known that a notice of appeal had not been filed. The Court, therefore, concludes that Defendant's failure to make any attempt to contact the Court evinces a lack of due diligence.

The Court must now determine when movant, with the exercise of due diligence, could have discovered that the notice of appeal had not been filed. The one-year statute of limitations will then run from that date. Here, movant claims he discovered no appeal had been filed "months prior to the filing" of his August 2010 §2255 motion. (Cv-DE#1:4; (Cv-DE#15:3). He maintains that copies of three purported letters he sent to counsel, spanning fifteen months, demonstrates his due diligence so that the instant motion should be deemed timely. (Cv-DE#1).

In this case, the question is whether, with the exercise of due diligence, movant could have discovered this information on or before August 4, 2010 (one year prior to the date the instant motion was filed). As noted, to be timely a notice of appeal should have been filed by January 5, 2009. From January 5, 2009 until June 22, 2009, over **five months** elapsed during which movant sat doing nothing, assuming that an appeal had been filed, as requested. On

4

June 22, 2009, he purportedly sent his first letter to counsel requesting the status of his appeal. Prior thereto, he did nothing to verify whether his appeal had been filed. He also did nothing to follow-up or verify that the appeal had been prosecuted until an additional **four months** elapsed, when he again sent a second letter to counsel on November 14, 2009, acknowledging he had not received a response to his prior letter, but nevertheless inquiring as to the status of his appeal. (Cv-DE#1). When it appears no response thereto was received, he allegedly sent a third letter to counsel on March 16, 2010 again inquiring as to his appeal.

As will be recalled, the dispositve issue here is not the date upon which the movant actually discovered that no appeal had been filed, but rather the date on which due diligence would have led to such a discovery. The fact that an appeal had not been filed is simply a "matter of public record, 'which reasonable diligence could have unearthed.'" Owens v. Boyd, 235 F.3d 356, 360 (7th Cir. 2000) Montenegro v. United States, 248 F.3d 585, 593 (7th Cir. 2001), abrogated on other grounds by Ashley v. United States, 266 F.3d 571 (7th Cir. 2001). Here, the movant failed to act with any diligence whatsoever. If movant had any doubt as to whether an appeal had been filed, due diligence requires that once his first purported letter to counsel went unanswered, that he have requested a copy of his criminal docket. A reasonably diligent prisoner in movant's position could have known that an appeal was not being prosecuted on his behalf at some point during the ensuing five month period following his first letter to counsel when no response thereto was received. As the Court previously noted, even one telephone call or letter to the Clerk of Court would have resulted in the immediate mailing of a docket sheet to movant.

The Court concludes that a reasonably diligent prisoner-even

one who is ignorant of the could have discovered counsel's failure well before August 2010, so that the instant motion to vacate would have been timely.[5] Accordingly, the Court finds that the motion to vacate is not timely under § 2255(f)(4).

Movant also appears to assert that he is entitled to equitable tolling of the limitations period. As the Court has previously noted, movant's prisoner status and the realities of incarceration are not extraordinary circumstances sufficient for the application of equitable tolling. Further, movant makes no allegation that he exercised due diligence by contacting the Court to determine the status of his appeal. Accordingly, movant has not met his burden of showing that he is entitled to the benefit of equitable tolling of the one-year limitations period. See Sandvik, 177 F.3d at 1271; Wade, 379 F.3d at 1265.

In his third letter to counsel, the movant alleges generally that he tried to contact counsel by phone "a few times" but got "no answer." (Cv-DE#1). He does not explain how many times he attempted to contact counsel, nor does he provide any prison phone logs confirming his purported numerous failed attempts to call his attorney. He also does not indicate what efforts he made or had anyone make on his behalf during this one year period to ascertain the status of his appeal. Rather, he generally claims his efforts to reach counsel proved fruitless. Also telling is the fact that movant does not provide any phone or inmate legal mail logs, nor a summary of his inmate account, to confirm what attempts, if any, he did in fact make to reach counsel during the one-year period,

---

[5] See also United States v. Thomas, 2007 WL 624538, at *5 (N.D.Fla. 2007)(62-days was sufficient time for reasonably diligent prisoner to determine whether his attorney had filed a notice of appeal).

including proof that the three purported letters were sent.[6] Under the totality of the circumstances present here, the court finds movant's has not demonstrated that he acted diligently during the one-year federal limitations period, sufficient to warrant equitable tolling. Thus, the motion filed here is untimely.

This lack of diligence is significant, especially when the three subject letters span over one year, and by the movant's own admissions no response thereto was received. Had movant filed his §2255 motion back in November 2009, at the same time he sent counsel a second letter, it would have been timely as it was within one year from the time his conviction became final. Even then, the movant waited to file this motion close to five months after he sent yet a third letter to counsel in March 2010. Under these circumstances, it is clear that movant did not act with due diligence in presenting this collateral proceeding.

In exercising due diligence, a movant is not required to use "the maximum feasible diligence, but only 'due,' or reasonable, diligence." Aron. 291 F.3d at 712. The due diligence inquiry is "an individualized one that 'must take into account the conditions of confinement and the reality of the prison system.'" Id. (citations omitted). "Due diligence does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." Id. But it does at least require that the prisoner make some *reasonable* efforts to discover the facts underlying his claim.

---

[6]At this juncture, arguments not raised by movant before the undersigned cannot be raised for the first time in objections to this Report. See Starks v. United States, 2010 WL 4192875 at *3 (S.D. Fla. 2010); United States v. Cadieux, 324 F.Supp. 2d 168 (D.Me. 2004). "Parties must take before the magistrate, 'not only their best shot but all of the shots.'" Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)(qouting Singh v. Superintending Sch. Comm., 593 F.Supp. 1315, 1318 (D.Me. 1984)).

Id.

In this regard, the movant must allege reasonably specific, non-conclusory facts that, if true, would entitle him to relief. Id. at 715, n.6; see, also, Anjulo-Lopez, 541 F.3d at 818-19. Otherwise, no evidentiary hearing is warranted. Aron, 291 F.3d at 714-715; Anjulo-Lopez, 541 F.3d at 817-18. A hearing is not required on claims which are based upon unsupported generalizations or affirmatively contradicted by the record. See, Holmes v. United States, 876 F.2d 1545, 1553 (11 Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5 Cir. 1979). Moreover, a court need not conduct and evidentiary hearing where the issues can be conclusively decided on the basis of the evidence in the record, and where the petitioner's version of the facts have already been accepted as true. See Schultz v. Wainwright, 701 F.2d 900, 901 Turner v. Crosby, 339 F.3d 1247, 1274-75 (11th Cir. 2003). As such, the issue of whether a duly diligent prisoner could have discovered that his counsel failed to file a direct appeal more than one year prior to filing a motion to vacate under §2255 can, in appropriate cases, be resolved on the basis of the record without an evidentiary hearing. Compare, Aron, 291 F.3d at 714-15; Anjulo-Lopez, 541 F.3d at 818-19.

Here, a comparison of Aron and Anjulo-Lopez leads to the conclusion that, even accepting those allegations that are reasonably specific and not contradicted by the record as true, a reasonably diligent person in movant's circumstances would have discovered at the latest in November 2009 that no appeal had been filed. A diligent person would have then immediately filed his §2255 motion. The movant did not do so here.

In Aron, the 11th Circuit considered whether an evidentiary

8

hearing was warranted on the issue of whether movant had exercised due diligence in discovering that his attorney had failed to appeal his sentence. In that case, counsel had in fact filed a direct appeal. Aron, 291 F.3d at 710-11. The movant alleged, however, that he did not learn that his lawyer had not appealed the sentence until he eventually received a copy of the brief that had been filed. Id. at 710, 712. The movant admitted that he received a copy of the opinion affirming his conviction, but alleged that the opinion did not indicate what grounds had been raised on appeal. Id. at 714. Movant alleged that he therefore filed a motion directly with the 11th Circuit to determine what grounds had been raised and that, in response, the Court stated that it could not accept pro se filings from movant because he was represented by counsel. Id. The 11th Circuit concluded that, based on those specific uncontradicted allegations, an evidentiary hearing was warranted because, if proven, they could entitle the movant to relief. Id. at 710, 715. Significant factors in Aron, therefore, were that the movant made independent efforts to pursue his rights, and that he was faced with an allegedly unresponsive attorney of record that was an impediment to discovering the basis of his claim. See, Id. at 714.[7]

Further, in Anjulo-Lopez, the 6th Circuit considered whether an evidentiary hearing was warranted on the issue of whether movant had exercised due diligence in discovering that his attorney had failed to file a direct appeal, and specifically relied on the 11th Circuit's decision in Aron. Arjulo-Lopez, 541 F.3d at 818 (citing

---

[7]Similarly, in the context of whether a prisoner had exercised the due diligence required to justify equitable tolling of the one-year limitations period under §2244(d)(1)(A), the Supreme Court found it significant that, when faced with an unresponsive attorney of record that the petitioner feared was not protecting his rights, the petitioner contacted the state courts, their clerk and the state bar, and attempted to submit his own pro se filings. See, Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2565 (June 14, 2010).

Aron for the proposition that due diligence requires some reasonable efforts to discover the facts supporting his claims). In Arjulo-Lopez, no direct appeal was ever filed. Id. at 815, 819. The movant alleged that his motion was timely because, among other things, he was unable to communicate with anyone due to prison transfers during the first five months after his sentencing, that he believed he was supposed to wait to hear from his attorney about his appeal, and that his lack of the English language and inadequate access to the prison library prevented him filing a timely motion. Id. at 816, 818. The Court concluded that, based on those allegations, no evidentiary hearing was warranted because they were "not indicative of a reasonably diligent quest for information." Id. at 818. In reaching its conclusion, the Court found it significant that the movant had not explained why he was allegedly unable to communicate with anyone, that he had not described any thwarted attempts to check on the status of his appeal, that the fact that no appeal had been filed was a matter of public record and, that when the movant finally did inquire, he easily obtained the information. Id. at 818-19.

Here movant's allegations are much more akin to those in Anjulo-Lopez than to those in Aron or Holland. As previously narrated in this Report, nothing impeded movant from acting independently or gathering information about the status of his appeal during the one-year period following sentencing. Further, even accepting movant's allegations as true, nothing precluded him from filing a §2255 motion as of November 2009, when he purportedly failed to receive verification that no appeal had been filed on his behalf. Yet despite this silence, rather than file the §2255 motion, the movant instead wrote counsel letters to reconfirm what he already knew and/or suspected, to-wit, that no appeal had been filed. The movant, by his own actions, delayed taking the

10

appropriate steps to filing a timely §2255 motion. The movant admits he was concerned with the situation and counsel's unresponsiveness, but rather than act diligently in filing a §2255, he chose to go a different course to his own detriment.

In sum, movant's allegations are not indicative of a "reasonably diligent quest for information." Anjulo-Lopez, 541 F.3d at 818. For the reasons set forth above, even accepting movant's allegations and submissions as true, the record reflects that a reasonably diligent person in movant's circumstances, could have discovered as of November 2009 that no appeal had been filed. As such, he could have filed this §2255 motion, alleging ineffectiveness of counsel for failure to file an appeal at that time. He did not do so and is therefore time-barred. Thus, equitable tolling should not be applied to this case.

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. United States v. Trenkler, 268 F.3d 16, 24-27 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 687-689 (4 Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); O'Connor v. United States, 133 F.3d 548 (7 Cir. 1998); Johnson v. United States, 246 F.3d 655 (6 Cir. 2001); United States v. Norris, 2000 WL 521482 (DC Cir. 2000); United States v. Chambers, 126 F.Supp.2d 1052 (E.D. Michigan 2000). The movant has failed to establish that he acted diligently in pursuing the filing of this motion.

In conclusion, the movant has not demonstrated that he diligently pursued filing of this motion to vacate within one year

from the time his conviction became final. The time-bar is ultimately the result of the movant's failure to properly and timely prosecute this federal habeas corpus petition.

Finally, to the extent the movant means to argue that he is entitled to equitable tolling because he is an unskilled layperson with limited a educational background who is unfamiliar with the law, this argument, however, does not excuse the movant from the applicable time limitations. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5 Cir. 2000)(citing cases), cert. denied, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations); Turner v. Johnson, 177 F.3d 390, 392 (5 Cir. 1999); United States v. Flores, 981 F.2d 231, 236 (5 Cir.1993)(holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9 Cir. 1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5 Cir. 1991)(holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

It is therefore recommended that this motion to vacate be dismissed as time-barred, and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 25th day of April, 2011.

                                            UNITED STATES MAGISTRATE JUDGE

cc: Deandre Williams, Pro Se
    Reg. No. 80833-004
    F.C.C. - Coleman (Medium)
    P. O. Box 1032
    Coleman, FL 33521-1032

    Robin Waugh, AUSA
    U.S. Attorney's Office
    99 N.E. 4th Street
    Miami, FL 33132