UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22897-CIV-ALTONAGA/White

**DEANDRAE WILLIAMS**,

    Movant,
vs.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 17], issued on April 25, 2011. On August 10, 2010, Movant, Deandrae Williams ("Williams"), filed a *pro se* Omnibus Motion to Vacate, Set Aside, or Correct Sentence … under 28 U.S.C. § 2255 (the "Motion") [ECF No. 1]. The case was referred to Magistrate Judge White pursuant to Administrative Order 2003-19. (*See* [ECF No. 3]). Judge White recommends the Petition be denied as untimely and time-barred, and the case be closed. (*See* Report 12). The Report also advises Movant that pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), he has 14 days to object to the Report. (*See* Rep. 12). That time period expired on May 12, 2011 with no objections filed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation

Case No. 10-22897-CIV-ALTONAGA/White

omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Judge White relies on a decision from the Eighth Circuit with strikingly similar facts. (*See* Rep. 10 (citing *Anjulo-Lopez v. United States*, 541 F.3d 814, 815–19 (8th Cir. 2008)). The Court there found it

> clear that Anjulo-Lopez did not use reasonable efforts to discover the facts underlying his claim. Between his original petition and his response to the government's motion to dismiss, Anjulo-Lopez merely alleged that (1) he "was not able to communicate with anyone" during the first five months after sentencing, due to repeated transfers; (2) he thereafter believed an appeal had been filed and "all that was required of him [ ] was [to] wait"; (3) at some point, he began to suspect that no appeal had been filed and "sent a certified/registered letter to [his attorney] requesting copies of the record" (but not, apparently, directly asking whether an appeal had been filed); and (4) "[his attorney] sent a copy of the Judgment and commitment Order;" but (5) by the time he finally attempted to contact his attorney, "[his] filing date for [his] § 2255 motion had already passed."

*Anjulo-Lopez*, 541 F.3d at 818 (alterations in original). Judge White distinguishes *Aron v. United States* because the petitioner in *Aron* "made independent effort to pursue his rights," such as communicating directly with the courts in the face of an unresponsive attorney. (Rep. 9 (citing *Aron v. United States*, 291 F.3d 708, 710–15 (11th Cir. 2002)).

Case No. 10-22897-CIV-ALTONAGA/White

The undersigned has reviewed the Report, the Motion, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with the analysis and recommendations stated in Judge White's Report, and agrees with Judge White's conclusion that the Motion is untimely. The facts of Movant's case, as compared with *Anjulo-Lopez* and *Aron*, support the finding that a "reasonably diligent person in movant's circumstances would have discovered at the latest in November 2009 that no appeal had been filed." (Rep. 8). An evidentiary hearing was not required to conclude the Motion is time-barred.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Report of Magistrate Judge **[ECF No. 17]** is **AFFIRMED AND ADOPTED** as follows:

1. Movant, Deandrae William's Motion Under 28 U.S.C. § 2255 **[ECF No. 1]** is **DISMISSED**.

2. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of May, 2011.

                                     _____
                                     **CECILIA M. ALTONAGA**
                                     **UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

        Deandrae Williams, *pro se*
        Reg. No. 80833-004
        FCC - Coleman (Medium)
        P.O. Box 1032
        Coleman, FL 33521